ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **VICKIE DELLINGER**<br>1630 South 25A<br>Bellevue, KY 41073 | : <br> : <br> : | Case No. _____<br><br>Judge: _____ |
| Plaintiff, | : : : | |
| v. | : : | |
| **JOHN E. POTTER**<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE,<br>475 L'Enfant Plaza S.W.<br>Washington, D.C. 20260 | : <br> : <br> : <br> : <br> : | **PETITION FOR ENFORCEMENT<br>OF FINAL EEOC DECISION<br>UNDER THE REHABILITATION ACT** |
| Defendant. | : : | |

3:08cv0219

THOMAS M. ROSE

FILED JAMES BONINI CLERK 2008 JUN 25 AM 10:40

## PARTIES

1.  Plaintiff Vickie Dellinger is a former employee of the United States Postal Service.

2.  Defendant John E. Potter is the Postmaster General of the United States Postal Service, and was Plaintiff's employer within the meaning of federal law.

## JURISDICTION

3.  This Court has jurisdiction over Count I pursuant to the Rehabilitation Act, which creates federal question jurisdiction pursuant to 28 U.S.C. §1331.

4.  Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391(b) because, for purposes of venue, a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

5.     Plaintiff was a career clerk at the Troy, Ohio Post Office until her termination in 1999.

6.     After her termination, Plaintiff filed a timely internal EEO complaint alleging disability discrimination under the Rehabilitation Act, which she won after a full evidentiary hearing. The Administrative Judge issued a Decision on September 15, 2003, finding that discrimination had occurred on account of Plaintiff's disability, and ordered a remedy which included back pay, reinstatement or reimbursement of all lost future benefits, $10,000 in compensatory damages, interest on the back pay award, and attorney's fees and costs.

7.     On October 17, 2003, the parties stipulated that the attorney's fees and costs payable to Plaintiff would be $20,000, for legal services rendered prior to October 17, 2003.

8.     Defendant appealed the Administrative Judge's decision to the EEOC Office of Federal Operations. On September 29, 2005, the OFO issued a final decision affirming the Administrative Judge's decision, and ordering the following remedy:

> Within thirty (30) calendar days of the date this decision becomes final, and to the extent it has not already done so, the agency is ordered to take the following remedial action:
>
> 1. The agency shall determine the appropriate amount of back pay (with interest, if applicable) and other benefits due to complainant, pursuant to 29 C.F.R. 1614.501. The back pay period shall be calculated from April 9, 1999 to the present. The back pay award shall be mitigated by no more than $150 per week, to reflect the wages she earned in a supplemental job beginning in May of 1990 [sic]. Further, the back pay award shall be calculated by the amount of hours per week complainant would have worked had she remained employed by the agency, with the average weekly number of hours adjusted for the years 2000 and thereafter based on a percentage of the increase or decrease of manually sorted mail for the given year.
>
> Complainant shall cooperate in the agency's efforts to compute the amount of back pay and benefits due, and shall provide all relevant information requested by the agency. If there is a dispute regarding the exact amount of back pay and/or benefits, the agency shall issue a check to complainant for the undisputed amount within thirty (30) calendar days of the date the agency determines the amount it

believes to be due. The complainant may petition for enforcement or clarification of the amount in dispute. . . .

2. The agency must compensate petitioner for the increased tax liability, if any, that she stands to sustain as a result of being paid a lump sum back pay award. This is an equitable remedy. The burden of proof to establish the amount of additional tax liability is on the petitioner. The calculation of additional tax liability must be based on the taxes petitioner would have paid had she received the back pay in the form of regular salary during the back pay period, versus the additional taxes she will have to pay due to receiving the back pay lump sum award. Petitioner must submit proof of this amount to the agency within 90 calendar days of her receipt of this decision in a fashion that makes it convenient for the agency to check petitioner's calculations and underlying documentation. If the agency timely receives this evidence, it must issue a check for the increased tax liability within 90 calendar days of its receipt of the evidence. Petitioner must cooperate with requests by the agency for assistance in making the calculations.

3. The agency shall offer complainant the option of reinstatement to her former position of Distribution Clerk at the Troy, Ohio Post Office in a capacity consistent with her physical restrictions, or of remaining in disability retirement status with reimbursement of all lost benefits. Should complainant choose to return to her former position, the agency shall reasonably accommodate her restrictions in a mutually acceptable manner.

4. The agency shall provide EEO training to its Human Resources Manager and associates in Cincinnati, Ohio and supervisors and managers at the Troy, Ohio Post Office on the agency's obligations and responsibilities under the Rehabilitation Act. Special emphasis shall be given to the subject of reasonable accommodations.

5. The agency shall consider taking disciplinary action against its Human Resources Manager and associates in Cincinnati, Ohio and supervisors and managers at the Troy, Ohio Post Office, if they are still employed by the agency. The agency shall report its decision to the compliance officer. If the agency decides to take disciplinary action, it shall identify the action taken. If the agency decides not to take disciplinary action, it shall set for the reason(s) for its decision not to impose discipline. If these individuals have left the agency's employ, the agency shall furnish documentation of her departure date.

6. The agency shall tender to complainant non-pecuniary compensatory damages in the amount of $10,000.00.

7. The agency shall post copies of the attached notice in accordance with the statement entitled "Posting Order."

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report

shall including supporting documentation of the agency's actions in accordance with this order. . . .

If complainant has been represented by an attorney (as defined at 29 C.F.R. 1614.501(e)(1)(iii)), she is entitled to an award of reasonable attorney's fees incurred in the processing of this complaint. 29 C.F.R. 1614.501 (e). The award of attorney's fees shall be paid by the agency. The attorney shall submit a verified statement of fees to the agency – not to the Equal Employment Opportunity Commission, Office of Federal Operations – within thirty (30) calendar days of this decision becoming final. The agency shall then process the claim for attorney's fees in accordance with 29 C.F.R. 1614.501.

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. . . .

9. Defendant took no action as required by this Final Decision and Order with the 30 days of the decision becoming final, as required.

10. On January 11, 2006, Plaintiff received notice of Defendant's Final Agency Action, adopting the EEOC Final Decision and Order, but the notice did not indicate that Defendant had yet complied with any portion of the EEOC Final Decision and Order, and Plaintiff had not yet received any compensation as required by the Final Decision and Order.

11. On January 11, 2006, Plaintiff sent a letter EEOC Office of Federal Operations, stating her belief that Defendant was not in compliance with the Decision, pursuant to 20 C.F.R. 1614.504(a).

12. On February 9, 2006, Plaintiff filed a Petition for Enforcement with the EEOC Office of Federal Operations, pursuant to 20 C.F.R. 1614.503.

13. In March, 2006, Defendant paid the stipulated amount of attorney's fees for legal services up through October 17, 2003, in partial compliance with the Final Decision and Order to pay attorney's fees and costs.

14. In April, 2006, Defendant paid Plaintiff the $10,000 in compliance with the Final Decision and Order to pay compensatory damages in paragraph 6 of the Final Decision and Order.

15. Defendant has offered Plaintiff the opportunity to return to her former position, in compliance with paragraph 3 of the Final Decision and Order. Plaintiff elected to remain in disability retirement status.

16. Defendant and Plaintiff stipulated that the amount of back pay was an adjusted gross total of $101,291.42, after deduction of the amount to be reimbursed to the Office of Personnel Management of the amount of disability retirement annuity payments Plaintiff had received during the back pay period, and the amount Plaintiff earned in subsequent employment (mitigation amount). Defendant paid Plaintiff the net amount of $44,732.90 on July 16, 2007 in compliance with the portion of paragraph 1 of the Final Decision and Order requiring reimbursement for back pay.

17. Defendant calculated the amount of interest on the back pay amount as $33,037.57. Plaintiff disputed this calculation, as she claimed that this amount was computed on the adjusted gross total back pay amount, rather than the gross total less only the mitigation amount and before deducting the reimbursement to OPM of the disability retirement annuity payments, as required by 5 C.F.R. 550.806. In July, 2007, Defendant paid the undisputed portion of the interest, $33,037.57, on the back pay award, in partial compliance of paragraph 1 of the Final Decision and Order requiring Defendant to pay interest on the back pay award.

18. In June, 2007, the parties stipulated that the attorney's fees and costs payable to Plaintiff would be $27,000, for legal services rendered between October 17, 2003 and June 20, 2007. Defendant paid this amount on January 8, 2008, in partial compliance with the Final Decision and Order to pay attorney's fees and costs.

19. On June 21, 2007, less than 30 days following the stipulation of the back pay amount, Plaintiff presented Defendant with her calculations of the extra tax compensation due pursuant to paragraph 2 of the Final Decision and Order. Defendant has not paid this amount nor any other amount in compliance with this paragraph of the Final Decision and Order. The only response Defendant submitted was on January 2, 2008, more than six months later, requesting more information (information which had already been submitted) and requiring that Plaintiff recalculate this amount using the services of a certified tax professional, an expense not required by the Final Decision and Order. Plaintiff did not believe she was required to incur this expense, and informed Defendant she would not do so. Defendant did not respond nor did it pay the extra tax compensation in any amount.

20. Defendant has not presented Plaintiff with data regarding payment for lost benefits in lieu of reinstatement, as required in paragraph 3 of the Final Decision and Order. Defendant has also not paid Plaintiff any amount in compensation for these lost benefits.

21. Plaintiff has required further legal services since June 20, 2007 in her attempts to enforce the Final Decision and Order. She seeks further attorney's fees associated with her enforcement attempts since June 20, 2007.

22. Since the EEOC Final Decision and Order was issued in September, 2005, Plaintiff has made numerous overtures to Defendant for settlement, most recently on February 22, 2008, and many requests for status updates. Most of these contacts were not answered.

## COUNT I

### (Enforcement of Award Under Rehabilitation Act)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24.    Plaintiff had brought an action for disability discrimination against Defendant in its internal EEO process, and eventually received a Final Decision and Order in her favor, which Defendant adopted in its Final Agency Action.

25.    Defendant has not fully complied with the Order for relief set forth in that EEOC Final Decision and Final Agency Action.

26.    Plaintiff has cooperated with Defendant in its efforts to calculate back pay, has provided the calculations for extra tax computation, and filed administration requests for enforcement.

27.    More than 180 day s have passed since Plaintiff filed her Petition for Enforcement with the EEOC Office of Federal Operations, and the OFO has taken no or insufficient action to enforce its Final Decision.

28.    Defendant has only partially complied with the Final Decision and Order, and still owes Plaintiff the extra tax computation, an additional amount of interest on the back pay award, compensation for lost benefits, and additional attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    (a)    That Defendant be ordered to immediately pay Plaintiff $18,531 in extra tax compensation;

    (b)    That Defendant be ordered to immediately pay Plaintiff $26,437.17 in additional interest on the back pay award;

    (c)    That Defendant compensate Plaintiff for lost benefits;

    (d)    That Plaintiff be awarded reasonable attorney's fees and costs for her enforcement efforts since Jun 20, 2007; and

    (f)    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

_____
Sheila M. Smith (0065115)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio 45202
(513) 721-1975/FAX: (513) 651-2570
*Ssmith@frekingandbetz.com*